7/17/2017 4:56 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-17-003310
Carrisa Escalante

NOTICE: THIS DOCUMENT CONTAINS SENSITIVE DATA.

## NO. D-1-GN-17-003310

| | | |
|---|---|---|
| VIVA FOOD MART, FARAZ INC.<br>Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT |
| V. | §<br>§ | 53RD JUDICIAL DISTRICT |
| FCCI INSURANCE COMPANY | §<br>§<br>§ | |
| Defendant. | §<br>§ | OF TRAVIS COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Viva Food Mart, Faraz Inc., hereinafter called Plaintiff, complaining of and about FCCI Insurance Company, hereinafter called Defendant, and for cause of action shows unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff intends that discovery be conducted under Discovery Level 2.

### PARTIES AND SERVICE

2. Plaintiff, Viva Food Mart, Faraz Inc., is a Texas Corporation whose address is 8610 Lamar Blvd, Suite 100, Austin, Texas 78756.

3. Viva Food Mart, Faraz Inc. has not been issued a driver's license. Viva Food Mart, Faraz Inc. has not been issued a social security number.

4. Defendant FCCI Insurance Company, a Corporation based in Texas, is organized under the laws of the State of Texas, and service of process on the Defendant may be effected pursuant to sections 5.201 and 5.255 of the Texas Business Organizations Code, by serving the registered agent of the corporation, Registered

1



Agent Solutions Inc, at 1701 Directors Blvd, Suite 300, Austin, Texas 78744-1044, its registered office. Service of said Defendant as described above can be effected by personal delivery.

## JURISDICTION AND VENUE

5. The subject matter in controversy is within the jurisdictional limits of this court.

6. Plaintiff seeks:

   a. monetary relief over $200,000 but not more than $1,000,000.

7. This court has personal jurisdiction herein because Defendant is a Texas resident.

8. Venue in Travis County is proper in this cause pursuant to Section 17.56 of the Texas Business and Commerce Code and under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## FACTS

9. Or or about July 17, 2015, Plaintiff's place of business had an electrical outage due to a fire caused by electrical malfunction. Plaintiff subsequently filed a claim for damages to his store, equipment, lost profits, and other damages incurred by the Plaintiff due to the incident.

## NEGLIGENT HIRING, SUPERVISION, AND/OR MANAGEMENT

10. Plaintiff would show that Defendant FCCI Insurance Company owed a duty to clients and customers, including Plaintiff, to exercise ordinary care in the hiring of competent employees, and in the supervision and management of said Defendant's

employees. Namely the adjuster handling the claim for Plaintiff.

11.     Plaintiff would further show that Defendant FCCI Insurance Company failed to use ordinary care in these respects, including but not limited to failing to properly investigate potential job applicants, failing to properly supervise said Defendant's personnel, failing to implement adequate safeguards to prevent the situation that resulted in Plaintiff's damages, and failing to provide adequate oversight for such employees.  These conditions created an environment in which misrepresentations to clients and customers were likely and reasonably foreseeable to occur, and which in fact did occur in the course of the transactions involving Plaintiff described hereinabove, which proximately caused the damages sustained by Plaintiff herein, and for which Plaintiff hereby sues.

## BREACH OF CONTRACT

12.     Plaintiff would further show that the actions and/or omissions of Defendant described hereinabove constitute breach of contract, which proximately caused the direct and consequential damages of Plaintiff described hereinbelow, and for which Plaintiff hereby sues.

## RESPONDEAT SUPERIOR

13.     At and during the time of the acts and/or omissions complained of herein, said acts and/or omissions of any employee of FCCI Insurance Company, Defendant, occurred within the scope of the general authority and for the accomplishment of the objectives for which such employee was employed.

14.     Defendant FCCI Insurance Company is therefore liable to Plaintiff for the acts and/or omissions of any such employee complained of herein under the doctrine of

<u>respondeat superior</u>.

## ACTUAL DAMAGES

15. Plaintiff sustained the following actual damages as a result of the actions and/or omissions of Defendant described hereinabove:

    (a)    Out-of-pocket expenses, including but not limited to 50,697.64.

    (b)    Loss of use.

    (c)    Lost profits.

    (d)    Cost of replacement.

    (e)    Loss of credit and damage to credit reputation.

    (f)    Interest and/or finance charges assessed against and paid by Plaintiff.

    (g)    Loss of the "benefit of the bargain."

    (h)    Diminished or reduced market value.

    (i)    Costs of repairs.

    (j)    Remedial costs and/or costs of completion.

## OTHER DAMAGES

16. Plaintiff would further show that acts and/or omissions of Defendant complained of herein were a producing cause and a proximate cause of the following damages sustained by Plaintiff:

    (a)    Plaintiff lost revenue and potential customers and countinued to incurr interest and other charges due to the actions of the Defendant.

## ATTORNEY'S FEES

17. Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff herein, including all fees necessary in the event

of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by: (a) Chapter 38 of the Texas Civil Practice and Remedies Code; and, (b) common law.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Viva Food Mart, Faraz Inc., respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for the actual damages requested hereinabove in an amount in excess of the minimum jurisdictional limits of the Court, together with prejudgment and postjudgment interest at the maximum rate allowed by law, attorney's fees, costs of court, and such other and further relief to which the Plaintiff may be entitled at law or in equity, whether pled or unpled.

Respectfully submitted,

Lamba & Associates, PC

By: /s/ Rahul Lamba
    Rahul Lamba
    Texas Bar No. 24031415
    Email: lawofficeofrahullamba@gmail.com
    11211 Katy Freeway, Ste 250
    Houston, Texas 77079
    Tel. (713) 467-7844
    Fax. (713) 467-7637
    Attorney for Plaintiff
    Viva Food Mart, Faraz Inc.

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**